1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| David Booker,<br><br>          Petitioner<br><br>v.<br><br>State of Nevada, et al.,<br><br>          Respondents | Case No. 2:23-cv-00526-JAD-NJK<br><br>**Order Instructing the Petitioner to File an Amended Petition and to Either pay the Filing Fee or Submit an IFP Application**<br><br>[ECF No. 1] |

9
10
11
12
13
14

*Pro se* Petitioner David Booker filed this 28 U.S.C. § 2254 petition for writ of habeas corpus[1] on a 28 U.S.C. § 2241 form and did not either pay the required $5 filing fee or submit an application for leave to proceed *in forma pauperis* ("IFP").[2] **This action will not proceed unless and until Booker files an amended petition on this court's approved form, and either pays the $5 filing fee or submits a complete IFP application with all required documentation**.

15
16
17
18
19

In order to obtain federal habeas review under 28 U.S.C. § 2254, a petitioner must file a proper petition for writ of habeas corpus on this court's approved form to ensure that the petitioner provides the information needed to conduct a preliminary review of the petition and its grounds. Although Booker submitted his petition on a § 2241 form, he indicated that he was challenging his state court conviction under § 2254.[3]

20
21
22

Booker's petition was not submitted on the court's approved § 2254 form, so he must file an amended petition on the court's approved form. On page 1 of that form, he must write the

23

[1] ECF No. 1-1.

24
25
26
27

[2] Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5 filing fee is required to initiate a habeas action in a federal district court. The court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

28

[3] ECF No. 1-1 at 2.

word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus," and he must place the case number, 2:23-cv-00526-JAD-NJK, in the designated space.  Local Rule 15-1 cautions that the amended petition must be complete in itself without reference to previously filed papers.  So petitioner must include all claims and allegations that he intends to assert; he cannot merely refer back to his original filing or re-attach pages.  Any claims or allegations that are left out of the amended petition or that are not realleged will not be considered.

**IT IS THEREFORE ORDERED** that the petitioner must:

- **File an amended petition** on the court's 28 U.S.C. § 2254 form; **and**
- Either (1) **pay** the $5 filing fee **or** (2) **file** an IFP application that includes: (a) a financial certificate signed by petitioner and an authorized prison official, (b) a financial declaration and acknowledgement signed by petitioner, and (c) a copy of his inmate account statement for the six-month period prior to filing.

**If he fails to do so by June 1, 2023, this case will be dismissed without prejudice and without further prior notice.**  If petitioner decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

The Clerk of Court is instructed to **SEND** petitioner a blank copy of (1) the form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and (2) the IFP application for incarcerated litigants along with two copies of this order.

U.S. District Judge Jennifer A. Dorsey
April 18, 2023