UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Booker, | Case No.: 2:23-cv-00526-JAD-NJK |
| Petitioner, | **Order Dismissing Habeas Petition without Prejudice, Closing Case, and Denying Motions as Moot** |
| v. | |
| State of Nevada, et al., | [ECF Nos. 1-1, 7, 8, 9, 10, 11, 13] |
| Respondents. | |

*Pro se* Petitioner David Booker filed this 28 U.S.C. § 2254 petition for writ of habeas corpus[1] to challenge his state-court battery conviction. Booker failed to comply with my previous order instructing him to file an amended petition on the court's approved form.[2] And on initial review under the Habeas Rules,[3] I find that Booker's claims are unexhausted in state court. So **I dismiss the petition without prejudice** and deny as moot his motions for appointment of counsel, to amend, and to extend.[4]

## Background[5]

Booker pled guilty to one count of attempt battery with substantial bodily harm,[6] and the state court entered the judgment of conviction in January 2023. Booker's direct appeal remains

---

[1] ECF No. 10.

[2] ECF No. 3.

[3] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[4] ECF Nos. 7, 8, 9, 11, 13.

[5] The procedural history in this section is derived from Booker's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County. I take judicial notice of the online docket records of the state district court and Nevada appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[6] *See State of Nevada v. David Booker*, Case No. C-22-369275-1.

pending before the appellate court.  Booker filed a state post-conviction habeas petition in May 2023 that also remains pending in state court.[7]

## Discussion

### I. Booker failed to comply with my previous order.

I begin by noting that Booker failed to present his pleading on the form used for § 2254 petitions as I instructed in my previous order.[8]  The Clerk of Court sent Booker a § 2254 form petition along with my order.[9]  I warned Booker that failure to file an amended petition on that form would result in dismissal of this action without prejudice and without further prior notice.[10] Booker failed to comply.

### II. Booker's petition is dismissed without prejudice as unexhausted.

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[11]  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[12] or plagued by procedural defects.[13]  Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider the petition

---

[7] *See David Booker v. State of Nevada*, Case No. A-23-871112-W.
[8] ECF No. 3.
[9] *Id.*
[10] *Id.*
[11] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).
[12] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).
[13] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

for habeas relief until he has properly exhausted his available state remedies for all claims raised.[14]

A claim remains unexhausted until the petitioner has raised the claim through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available.[15] To properly exhaust state remedies, a petitioner must "present the state courts with the same claim he urges upon the federal court."[16] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[17] The claim "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."[18]

Booker has not properly and fully exhausted his state-court remedies because he has not presented the claims alleged in his federal habeas petition through one complete round of either direct appeal or collateral proceedings in the Nevada appellate court. Booker may file a new federal habeas petition—in a new case case—once he's exhausted his state-court remedies. Dismissal of this action as unexhausted without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.[19] So I dismiss Booker's petition without prejudice as unexhausted.

---

[14] *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018).

[15] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

[16] *Picard v. Connor*, 404 U.S. 270, 278 (1971).

[17] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).

[18] *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). *See also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[19] Booker has filed two § 2254 petitions for writ of habeas corpus in this court that were dismissed for similar reasons. *See Booker v. Lombardo,* Case No. 2:22-cv-2033-JAD-DJA; *Booker v. Clark County Detention Center*, Case No. 2:22-cv-2077-CDS-BNW.

### III.   Booker's motions are denied.

Booker has filed motions for appointment of counsel,[20] to amend,[21] and to extend time,[22] all of which I deny as moot. In addition, Booker has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[23] In it, Booker merely reiterates his habeas corpus claims. 28 U.S.C. § 2255 allows a defendant in federal custody to challenge a conviction.[24] But Booker is challenging his state-court conviction, so I deny his § 2255 motion because it is the wrong vehicle for what he wants and because it appears entirely redundant of his habeas petition.

### Conclusion

**IT IS THEREFORE ORDERED** that:

1. Booker's petition for writ of habeas corpus [ECF Nos. 1-1, 10] is **DISMISSED without prejudice**.
2. Booker's motion to amend, motion to extend, and motions for appointment of counsel **[ECF Nos. 7, 9, 11, 13] are DENIED** as moot.
3. Booker's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 **[ECF No. 8] is DENIED**.
4. The Clerk of the Court is directed to:
   - **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada

---

[20] ECF Nos. 7, 11.

[21] ECF No. 9.

[22] ECF No. 13.

[23] ECF No. 8.

[24] *See* 28 U.S.C. § 2255(a) ("A prison in custody under sentence of a court established by Act of Congress…may move **the court which imposed the sentence** to vacate, set aside or correct the sentence.") (emphasis added).

Attorney General Aaron D. Ford as counsel for respondents and to provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action, and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 17, 2023